Fred S. Disselkoen, Jr. City Attorney City of Ormond Beach
QUESTION: May a municipality enact an ordinance to deannex a corridor of vacant real property previously annexed by an ordinance which was subsequently ratified by the Legislature in a special act?
SUMMARY: A municipality may contract its boundaries or exclude certain property previously annexed into the city by following the procedures set forth in Ch. 171, F.S. (1990 Supp.).
The City of Ormond Beach is considering "deannexing" a strip of vacant real property which was annexed into the city in 1962 by ordinance pursuant to s. 171.04, F.S. 1961. Although that statute was held unconstitutional,[1] the Legislature subsequently validated municipal annexations prior to July 1, 1964.[2] Chapter 171, F.S. (1990 Supp.), the "Municipal Annexation or Contraction Act,"[3] was enacted "to set forth procedures for adjusting the boundaries of municipalities through annexations or contractions of corporate limits and to set forth criteria for determining when annexations or contractions may take place so as to: . . . Establish uniform legislative standards throughout the state for the adjustment of municipal boundaries."[4] Further, the act provides general law standards and procedures for adjusting the boundaries of Florida municipalities and acts as a preemption to the state of such legislation.[5]
Pursuant to the act, only those areas which do not meet the criteria for annexation set forth in s. 171.043, F.S., may be proposed for exclusion by municipal governing bodies.[6]
Section 171.043, F.S., prescribes the character of property to be annexed and requires such things as contiguity to the municipality's boundaries, compactness, and that part or all of the area be developed for urban purposes.[7] Thus, property which fits the requirements of s. 171.043, F.S., may not be excluded from a municipality.[8] The determination of whether the property to be excluded from the City of Ormond Beach is outside the scope of s. 171.043, F.S., may not be made by this office.
The procedures for contracting municipal boundaries are contained in s. 171.051, F.S. (1990 Supp.). Pursuant to the statute, the governing body of a municipality may propose a contraction of the city's boundaries by ordinance and provide an effective date for the contraction.[9] The ordinance must make provision for the apportionment of any prior existing debt and property.[10]
A method is also established for qualified voters in the area desiring to be excluded from the municipality to initiate a petition for contraction.[11]
A contraction ordinance must be published after its introduction to provide notice to interested persons. The notice must describe the area to be excluded and must appear in a newspaper of general circulation in the municipality at least once per week for two consecutive weeks. The description included in the notice must include a statement of findings to show that the area to be excluded fails to meet the criteria of s. 171.043, F.S. In addition, the notice must include the time and place of the meeting at which the contraction ordinance will be considered and advise all parties affected that they may be heard.[12]
The governing body of the municipality may call for a referendum on the question of contraction.[13] If required, the referendum shall be held at the next regularly scheduled election, or if a majority of the municipal governing body approves, at a special election held earlier. No referendum may be held sooner than 30 days after passage of the resolution or ordinance calling for the referendum.
The municipal governing body is required to establish the date of the election and publish notice of the referendum election at least once a week for the two consecutive weeks immediately prior to the election. Again, such notice must be published in a newspaper of general circulation in the area proposed to be excluded or in the municipality. The notice must give the time and places for the election and a general description of the area to be excluded in the form of a map clearly showing the area proposed to be excluded.[14]
The statute sets forth the ballot language for the referendum on contraction of municipal boundaries and the effect of a majority vote either "For deannexation" or "Against deannexation." If a majority of those voting in the referendum choose not to exclude the area from the city, this particular property may not be the subject of a contraction ordinance for a period of two years.[15]
In the event that territory is excluded from a municipality, the municipal governing body must reach an agreement with the county governing body to determine what portion, if any, of the existing indebtedness or property of the city will be assumed by the county into which this territory will be absorbed. The agreement must establish the fair value of such indebtedness or property and provide the manner of transfer and financing.[16]
Finally, an area which is excluded from a municipality is no longer subject to any laws, ordinances, or regulations in force in the municipality from which it was excluded. The excluded area is no longer entitled to the privileges and benefits accruing to the area within the municipal boundaries upon the effective date of the exclusion. However, this area is subject to all laws, ordinances, and regulations in force in the county of which it becomes a part.[17]
Thus, the City of Ormond Beach is authorized to deannex property from the city in compliance with the provisions of Ch. 171, F.S. (1990 Supp.).
[1] See, City of Auburndale v. Adams Packing Association, 171 So.2d 161 (Fla. 1965).
[2] See, Ch. 65-563, Laws of Florida.
[3] Section 171.011, F.S., designates the short title of the act.
[4] Section 171.021, F.S.
[5] See, s. 171.022, F.S., which provides that:
 (1) It is further the purpose of this act to provide viable and usable general law standards and procedures for adjusting the boundaries of municipalities in this state. (2) The provisions of any special act or municipal charter relating to the adjusting of municipal boundaries in effect on October 1, 1974, are repealed except as otherwise provided herein.
[6] Section 171.052, F.S.
[7] Section 171.043(1) and (2), F.S.
[8] See, AGO 76-221 (The contraction procedures provided by s. 171.051, F.S., may be used to exclude only
areas found not to meet the characteristics required by s.171.043, F.S. [1976 Supp.], of areas to be annexed. A municipality is without authority to enact a contraction ordinance, either on the initiative of its governing body or in response to a petition therefor, regarding an area which complies with the annexation characteristics set forth in s. 171.043.)
[9] For purposes of the act, "[c]ontraction" is defined as "the reversion of real property within municipal boundaries to an unincorporated status." See, s. 171.031(2), F.S.
[10] Section 171.052(2), F.S.
[11] Section 171.051(2), F.S. (1990 Supp.).
[12] Section 171.051(3), F.S. (1990 Supp.).
[13] Section 171.051(5), F.S. (1990 Supp.).
[14] Section 171.051(7), F.S. (1990 Supp.).
[15] Section 171.051(8), (9), (10), F.S. (1990 Supp.).
[16] Section 171.061(2), F.S.
[17] Section 171.062(3), F.S.